UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dante Melendez, and Destiny Morrison, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>General Mills, Inc.,<br><br>Defendants. | Case No. 24-cv-3040 (KMM/JFD)<br><br>**ORDER** |

Plaintiffs Dante Melendez and Destiny Morrison ("Plaintiffs") filed a Class Action Complaint against Defendant General Mills, Inc. ("General Mills"), individually and on behalf of all others similarly situated who purchased certain General Mills products. Compl., ECF No. 1. The Plaintiffs allege that the products are unfit for their intended consumption because they contain high levels of lead. The Plaintiffs assert unjust enrichment, breach of express warranty, breach of implied warranty, breach of implied warranty of merchantability, fraud concealment, strict liability – failure to warn, strict liability – design and formulation defect, negligent failure to warn, negligent design and formulation defect, and negligence.

This matter is before the Court on a Motion to Dismiss filed by General Mills. ECF No. 9. Because the Court finds that the Plaintiffs fail to allege standing, General Mills' motion is **GRANTED**.

I. BACKGROUND

Dante Melendez and Destiny Morrison bought Cocoa Puffs Cereal for personal household use. *Id.* ¶¶ 39–40. General Mills is a Minnesota corporation that specializes in the manufacture and marketing of processed foods sold in retail food chains in the United States. *Id.* ¶ 16. Plaintiffs bring this class action lawsuit on behalf of themselves, and all others similarly situated who purchased all sizes of chocolate-flavored Cocoa Puffs cereal, Cocoa Puffs Treat Cereal Bars, Cocoa Puffs Soft Bake Oat Bars, Cocoa Puffs Brownie Crunch Cereal & Cocoa Puffs Minis Cereal (the "Products"). *Id.* ¶ 1.

General Mills is one of the leading cereal producers in the United States and produces some of the world's most successfully selling brands of cereal, including Cocoa Puffs. *Id.* ¶ 17. Plaintiffs allege that General Mills carries out the planning and execution of the advertising, marketing, labeling, packaging, testing, and/or corporate operations concerning the Products at its headquarters and facilities in Minneapolis. *Id.* ¶ 18. General Mills manufactured each of the Products, distributed them to other corporations, and sold them to consumers across the United States. *Id.* ¶ 6.

The Plaintiffs allege that General Mills' marketing and advertising specifically target children. *Id.* ¶ 4. General Mills represents that the Products are safe and effective for people, especially children, to consume. *Id.* ¶¶ 7, 29. However, Plaintiffs allege that the Products contain unsafe amounts of lead. *Id.* ¶ 32. Because General Mills was in the best position to know about the risks of consuming the Products, Plaintiffs allege that General Mills had a duty to disclose that they contained unsafe amounts of lead. *Id.* ¶ 36. Yet General Mills did not notify Plaintiffs and similarly situated consumers of the Products'

risk of lead poisoning. Although Plaintiffs claim both state and federal law require them, no warnings about such a risk appear on the Products' labels, instructions, ingredients list, other packaging, advertising, or in any other manner. *Id.* ¶¶ 10, 30. And nowhere on its webpage or the Products' packaging did General Mills disclose that the Products could poison the consumer. *Id.* ¶ 34.

Plaintiffs allege that they bargained for chocolate cereals or bars that were safe to consume. *Id.* ¶ 32. Plaintiffs purchased the Products without knowing they could poison and seriously harm consumers. *Id.* ¶ 11. Plaintiffs allege they suffered harm because they purchased products that did not conform to Defendant's promotion, marketing, advertising, packaging, and labeling. *Id.* ¶ 35. Plaintiffs claim they were deprived of the benefit of their bargain and spent money on a product that had no value or less value than warranted, and they would not have purchased the Products if they had known of the lead contamination. *Id.* ¶¶ 35, 42. Plaintiffs also assert that if General Mills revised its packaging, they would consider purchasing the Products again in the future. *Id.* ¶ 44. As a result, Plaintiffs seek to recover damages due to the Products being "adulterated, worthless, and unfit for safe human use due to the lead contained within the Products." *Id.* ¶ 37.

## DISCUSSION

### I. Legal Standards

"Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies. Therefore, the plaintiff's standing to sue 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (quoting *Warth v. Seldin*, 422 U.S. 490, 498

3

(1975)). "To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations that raise only a speculative right to relief are insufficient. *Twombly*, 550 U.S. at 555. A district court accepts as true all of the plaintiff's factual allegations and views them in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). But legal conclusions couched as factual allegations are not given the same deference. *Twombly*, 550 U.S. at 555. And mere "labels and conclusions" as well as a "formulaic recitation of the elements of a cause of action" are not enough to state a claim for relief. *Id.* These standards govern not only motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but also motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) when the movant raises a jurisdictional challenge on the face of the complaint. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

## II.   Injury-in-Fact

Plaintiffs are unable to establish the first element of standing—injury in fact. "An injury in fact is 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *McNaught v.*

*Nolen*, 76 F.4th 764, 769 (8th Cir. 2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan,* 504 U.S. at 560). "As to the concrete-harm requirement, we assess whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *McNaught*, 76 F.4th at 769 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (internal quotation marks omitted)).

The Court finds the Complaint fails to establish standing. First, the Plaintiffs' general allegations about the harms of lead to humans are not enough. Compl. ¶ 14. The Plaintiffs fail to allege that the Cocoa Puffs cereal products that *they* consumed contained harmful levels of lead, or indeed any lead. They do not point to testing revealing that the Products generally contain lead, let alone that their own boxes of cereal did so. And in the Eighth Circuit, "[i]t is not enough to allege that a *product line* contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must show that *their* product actually exhibited the alleged defect.'" *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 503 (8th Cir. 2009) (emphasis added); *see also Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030 (8th Cir. 2014) (finding lack of standing because plaintiffs failed to allege that the specific meat they purchased was not Kosher as advertised).

Similarly, the Plaintiffs do not claim they suffered any personal injuries or health issues from consuming the Products. *See Raines v. Byrd*, 521 U.S. 811, 818–19 (emphasizing that the injury alleged must be a "personal injury"). Simply saying that lead

5

can be harmful to others is not the same as saying lead has harmed the Plaintiffs.[1] And saying that Cocoa Puffs generally contain lead, which could be harmful if consumed, asserts only a "conjectural or hypothetical" injury as opposed to a harm that is "concrete" or "actual and imminent."

The Eighth Circuit has repeatedly held that speculative claims about potential risks do not satisfy the requirement for a concrete injury. *See In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, 9 F.4th 793, 797 (8th Cir. 2021) (concluding that the plaintiffs failed to allege an injury-in-fact because they asserted "nothing more than the existence of a defect in a product line or ownership of a product that is at risk for manifesting a defect"); *Auer v. Trans Union, LLC*, 902 F.3d 873, 878 (8th Cir. 2018) (finding that the plaintiff failed to allege injury-in-fact where she claimed her "personal security and identity information" was stored in an unsecured way by the defendant, but had not been accessed by anyone other than those who had permission, so the mere risk it could be accessed by "unauthorized persons" was too speculative). As the *Polaris* court held, "it is not enough for a plaintiff to allege that a product line contains a defect or that a product is at risk for manifesting this defect; rather, the plaintiffs must allege that their product actually exhibited the alleged defect." 9 F.4th at 797 (quoting *Wallace*, 747 F.3d at 1030) (internal quotation marks omitted). The Plaintiffs offer no way around this binding authority and indeed do not even address *Polaris* in their briefing.

---

[1] Although the Complaint repeatedly discusses the unique risks that lead presents to children and the marketing of Cocoa Puffs to children, neither named Plaintiff is a child, and neither asserts that they even have children, let alone that they feed them Cocoa Puffs.

## CONCLUSION

For the reasons stated above, the Court Defendant General Mills' Motions to Dismiss, ECF No. 9, is **GRANTED** and this matter is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**Let Judgment be entered accordingly**.

Date: March 27, 2025                                  *s/Katherine Menendez*
                                                                        Katherine Menendez
                                                                        United States District Judge